# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BRYON L. BRISCO, SR.,**

    Petitioner,

  v.

**PICKAWAY CORRECTIONAL INSTITUTION,**

    Respondent.

Case No. 2:18-cv-01550
Judge George C. Smith
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On March 6, 2019, the Magistrate Judge issued a Report and Recommendation recommending that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 11). Petitioner has filed an Objection and an amendment to the Objection (*see Motion to Reconsider*, ECF No. 19). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection (ECF No. 18) is **OVERRULED**. The Motion to Reconsider (ECF No. 19) is **DENIED**. The Report and Recommendation (ECF No. 11) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his convictions after a jury trial in the Franklin County Court of Common Pleas on charges of reckless homicide, felony murder, and manslaughter. He asserts that he was denied the effective assistance of counsel based on his attorney's failure to call Detective J. Fulton as a witness, and denied the effective assistance of appellate counsel based on his attorney's failure to file appellate briefs or consult with him regarding the appeal (claim one);

that the state appellate court improperly denied his application to reopen the appeal pursuant to Ohio Appellate Rule 26(B) (claim two); and that his convictions violate the Double Jeopardy Clause (claim three). The Magistrate Judge recommended dismissal of these claims as procedurally defaulted.

Petitioner objects to the Magistrate Judge's recommendations of dismissal of his claims as procedurally defaulted. He argues at length that his convictions violate the Double Jeopardy Clause, and that he was denied the effective assistance of trial and appellate counsel. He claims that the time limits for filing a Rule 26(B) application are unduly burdensome, and states his Rule 26(B) application was untimely because he did not have a copy of his trial transcripts, the Warden deliberately delays the mailings of prisoners, and prison librarians make it difficult for inmates to conduct legal research. He maintains that the state appellate court addressed the merits of his claim of the denial of the effective assistance of appellate counsel because, after indicating that his Rule 26(B) application was untimely, and "could be denied for that reason alone" it also indicated that "his claims are not even colorable claims of ineffective assistance of appellate counsel." (*See Memorandum Decision*, ECF No. 6, PAGEID # 278). Additionally, Petitioner again indicates that he could not file a timely appeal to the Ohio Supreme Court because prison officials failed to timely deliver his mail. He has attached a copy of letters from his appellate attorneys. He seeks an evidentiary hearing. He states that the dismissal of this action will constitute a travesty of justice, as he has been wrongly imprisoned for the accidental killing of his wife when he attempted to prevent her from prostituting herself in order to obtain crack cocaine.

Petitioner's arguments are not persuasive. As discussed by the Magistrate Judge, Petitioner procedurally defaulted his claims that he was denied the effective assistance of trial

counsel and that his convictions violate the Double Jeopardy Clause, because he failed to raise these issues on direct appeal, where he was represented by new counsel. The denial of the effective assistance of appellate counsel cannot constitute cause for his procedural default, because Petitioner likewise procedurally defaulted that claim filing a Rule 26(B) application that was more than five months late. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000); *Scuba v. Brigano*, 527 F. App'x 479, 487-88 (6th Cir. 2007) (enforcing procedural default based on untimely Rule 26(B) application). The state appellate court did not engage in any discussion whatsoever of the merits of Petitioner's claim of the denial of the effective assistance of appellate counsel, explicitly indicating that the Rule 26(B) application was subject to dismissal as untimely. Thus, any alternative dismissal on the merits by the state appellate court does not assist the Petitioner. *See Harris v. Reed,* 489 U.S. 255, 264 n. 10 (1989) ("a state court need not fear reaching the merits of a federal claim in an alternative holding"); *Bowling v. Parker*, 344 F.3d 487, 498 (6th Cir. 2003) (where state court's dismissal of claim on merits constitutes an alternative holding, federal habeas court will consider the claim procedurally defaulted). Moreover, even where the state appellate court "bases its ruling both on the merits and alternatively on a procedural ground, the procedural ground ruling prevails." *Brinkley v. Houk*, 866 F.Supp.2d 747, 779 (N.D. Ohio 2011) (citing *Harris v. Reed*, 489 U.S. at 264 n. 10; *Baze v. Parker* 371 F.3d 310, 320 (6th Cir.2004), *cert. denied*, 544 U.S. 931 (2005)). Further, the record does not indicate that Petitioner can establish cause for his untimely Rule 26(B) application based on any delay in mailing by prison staff, or that he is actually innocent so as to obtain review of his otherwise procedurally defaulted claims on the merits. *See Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005).

For these reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 18) is **OVERRULED**. The Report and Recommendation (ECF No. 11) is **ADOPTED** and **AFFIRMED**. The Motion to Reconsider (ECF No. 19) is **DENIED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ––U.S. ––––. ––––, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as procedurally defaulted. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

    **IT IS SO ORDERED**.

                                              */s/ George C. Smith*
                                            **GEORGE C. SMITH, JUDGE**
                                            **UNITED STATES DISTRICT COURT**